UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RAMKRISHNA S. TARE, | : | |
| | : | Civil Action No. 07-583 (JLL) |
| Plaintiff(s), | : | |
| | : | OPINION AND ORDER |
| v. | : | |
| | : | |
| BANK OF AMERICA, ET AL., | : | |
| | : | |
| Defendant(s). | : | |
| | : | |

   This matter comes before the Court by way of Plaintiff's motion to disqualify counsel (Docket Entry No. 39). Defendants opposed the motion. Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. For the reasons expressed below, Plaintiff's motion is DENIED.

## FACTUAL BACKGROUND

   Plaintiff commenced this action on February 2, 2007. In his Complaint, Plaintiff brings claims of malicious abuse of process, fraud upon the Court, malicious prosecution, intentional and/or negligent infliction or emotion distress, and conspiracy to do the foregoing against Defendants Bank of America and certain of its directors, Defendant O. Temple Sloan, Jr., Defendant Donald E. Guinn and Defendant Steven McMillan. The law firm of Buchanan Ingersoll & Rooney, P.C. (hereinafter, the "Buchanan firm") represents Defendants in the instant action. The Buchanan firm served as counsel of record for Defendant Bank of America in a bankruptcy proceeding involving Plaintiff's now defunct corporation, Websci Technologies, Inc. (the "Bankruptcy Action"). Plaintiff now moves before this Court to disqualify the Buchanan firm from representing the Defendants, alleging in pertinent part that: (1) the Buchanan firm bribed former United States Magistrate Judge Ronald J. Hedges and other individuals; (2) Mr. Louis T. DeLucia, Esq., a former member of the Buchanan firm, forged Plaintiff's electronic signature on a consent order in the Bankruptcy Action; (3) a conflict of interest exists amongst the Defendants such that the Buchanan firm cannot concurrently represent them in this action; and (4) the Buchanan firm cannot represent the Defendants because the Buchanan firm has a conflict arising out of its personal interest in the outcome of this matter.

## DISCUSSION

**I.     Allegations Regarding Bribery of Former United States Magistrate Judge Ronald J. Hedges and Other Individuals**

Plaintiff alleges in his motion that members of the Buchanan firm (specifically Mr. Tod Chasin) will be necessary witnesses in this matter in violation of New Jersey Rule of Professional Conduct ("RPC") 3.7[1] because, among other things, the Buchanan firm improperly influenced former Magistrate Judge Hedges, and other individuals.[2] Plaintiff claims that Mr. Chasin and other members of the Buchanan firm will be necessary witnesses to their own acts of bribery of Judge Hedges and the other individuals named in Plaintiff's motion.

Plaintiff provides no factual support for his allegations that the Buchanan firm engaged in the improper influence or bribery of Judge Hedges or any other individuals. Plaintiff's allegations of bribery are wholly unsupported and without merit.

To the extent Plaintiff relies on Judge Hedges' participation in a speaking engagement co-sponsored by the Buchanan firm to support his charges of bribery, that argument is baseless. As correctly observed by Defendants, pursuant to the New Jersey Code of Judicial Conduct, Canon 4, "a judge may engage in activities to improve the law, the legal system, and the administration of justice." Judge Hedges did not act improperly by speaking at the aforementioned symposium and his engagement at that event does not warrant disqualification of the Buchanan firm in this matter. There is no merit whatsoever to Plaintiff's claim.

## II.   Allegations Regarding Forgery of Plaintiff's Signature

Plaintiff also alleges that members of the Buchanan firm (specifically Mr. Chasin and Mr. Louis T. DeLucia) will be necessary witnesses in this matter in violation of RPC 3.7 because Mr. DeLucia allegedly forged Plaintiff's signature on a consent order submitted to the court in the Bankruptcy Action. In response, the Buchanan firm argues that, even if Plaintiff's allegations were true, Mr. DeLucia is no longer a member of the Buchanan firm and that RPC 3.7 is not implicated here. The Buchanan firm also argues that the record in the Bankruptcy Action demonstrates that the alleged forgery was actually a miscommunication as to Tare's consent to the order. The Buchanan firm asserts that their lack of malfeasance was confirmed when the Bankruptcy Court declined to make any findings of impropriety or impose sanctions upon the

---

[1] RPC 3.7 provides:
(a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; (3) disqualification of the lawyer would work a substantial hardship on the client.

(b) A lawyer may act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by RPC 1.7 or 1.9.

[2] Plaintiff also alleges that the Buchanan firm engaged in the bribery of Richard B. Honig, Steven Kartzman and other unidentified individuals.

firm.

Plaintiff's allegations regarding the forgery of his signature in the Bankruptcy Action do not warrant disqualification of the Buchanan firm in this matter. The Court agrees with Defendants that Mr. DeLucia's testimony, should it be required, would not form a basis for disqualification of the Buchanan firm under RPC 3.7 because Mr. DeLucia is no longer a member of the firm. The Court also rejects Plaintiff's claim that Mr. Chasin is a necessary witness to the alleged forgery because he is counsel of record in this matter and has denied Plaintiff's forgery allegations on his clients' behalf. That argument is without merit and does not warrant disqualification of the Buchanan firm. Finally, because the Court is not persuaded that Plaintiff has shown that any member of the Buchanan firm engaged in an act of forgery, the Court does not find that the firm has failed to remain candid with the Court, as required by RPC 3.3.[3]

### III.   Allegations Regarding Conflict Amongst the Directors of Defendant Bank of America

RPC 1.7(a)(1)[4] clearly permits an attorney to represent two parties in a lawsuit that are

---

[3] RPC 3.3 provides, in relevant part:

(a) A lawyer shall not knowingly: (1) make a false statement of material fact or law to a tribunal; (2) fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting an illegal, criminal or fraudulent act by the client; (3) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; (4) offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures; or (5) fail to disclose to the tribunal a material fact knowing that the omission is reasonably certain to mislead the tribunal, except that it shall not be a breach of this rule if the disclosure is protected by a recognized privilege or is otherwise prohibited by law.

[4] RPC 1.7 states:

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if: (1) each affected client gives informed consent, confirmed in writing, after full disclosure and consultation, provided, however, that a public entity cannot consent to any such representation. When the lawyer represents multiple clients in a single matter, the consultation shall include an explanation of the common representation and the advantages and risks involved; (2) the lawyer reasonably believes that the lawyer will be able to

3

not adverse to one another.  Here, the Buchanan firm represents co-defendants whose interests are not adverse.  Plaintiff has not presented facts sufficient to demonstrate that "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person, or by a personal interest of the lawyer," in violation of RPC 1.7 (a)(2).  See State v. Davis, 366 N.J.Super. 30, 39 (App. Div. 2004) (holding that there must be a solid foundation exist[ing] for any claim of disqualifying conflict of interest).

Moreover, the Buchanan firm has represented to the Court that both Bank of America and the defendant directors have waived any potential conflict under RPC 1.7(b) and have selected that Buchanan firm to represent their interests in this matter.  The Buchanan firm has further represented that there are no potential claims that may be asserted by one defendant against any other in this matter that would give rise to a conflict of interest. Accordingly, the Court finds that there is no conflict of interest arising out of the Buchanan firm's representation of the co-defendants in this matter that would form an appropriate basis of disqualification.

### IV.   Allegations Regarding Conflict Because of the Buchanan Firm's Personal Interest in the Outcome of this Matter

In addition to a potential conflict of interest arising from concurrent representation of the co-defendants in this mater, Plaintiff alleges that the Buchanan firm has a conflict arising out of its own interest in this matter.  Specifically , Plaintiff claims that the Buchanan firm "will face liability and most certainly disbarment" when they are found to have engaged in the bribery and other improprieties alleged by Plaintiff.  (Plaintiff's Reply at ¶ 22).   For the reasons stated above, the Court does not find that Plaintiff has sufficiently alleged misconduct on the part of the Buchanan firm.  Accordingly, the Court is not persuaded that the Buchanan firm has a personal interest in the outcome of this matter that would subject them to disqualification.

### CONCLUSION

For the reasons set forth above, Plaintiff's motion to disqualify counsel (Docket Entry No. 39) is DENIED.

    _s/ Claire C. Cecchi_
**HON. CLAIRE C. CECCHI**
**United States Magistrate Judge**
**Dated: October 9, 2008**

---

provide competent and diligent representation to each affected client; (3) the representation is not prohibited by law; and (4) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.