**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

NOT FOR PUBLICATION

**LETTER OPINION**

January 12, 2009

**VIA ELECTRONIC FILING**

Ramkrishna S. Tare
7 Redbud Road
Piscataway, NJ 08854

Tod S. Chasin, Esq.
Buchanan Ingersoll & Rooney, P.C.
700 Alexander Road, Suite 300
Princeton, NJ 08540

      Re:   **Ramkrishna S. Tare v. Bank of America, et al.**
             **Civil Action No.: 07-583 (JLL)**

Dear Counsel:

    This matter comes before the Court on Plaintiff Ramkrishna Tare's ("Plaintiff") appeal of Magistrate Judge Claire C. Cecchi's October 10, 2008, Order denying Plaintiff's motion to disqualify Defendants' counsel Buchanan Ingersoll & Rooney, PC ("Buchanan firm"). This appeal is resolved without oral argument. Fed. R. Civ. P. 78. This Court has considered the parties' submissions, and for the reasons stated herein, Judge Cecchi's order denying disqualification is affirmed.

**BACKGROUND**

    Plaintiff is the founder of WebSci Technologies, Inc. ("WebSci"). (Verified Compl., CM/ECF No. 37, ¶ 9 [hereinafter "Am. Compl."].) In connection with Chapter 11 bankruptcy proceedings of WebSci and related filings by Plaintiff, Defendant Bank of America N.A. ("Bank") instituted contempt proceedings against Plaintiff. (Defs.' Mem. of Law in Opp'n to Appeal from Non-Dispositive Order of Magistrate Judge Denying Mot. to Disqualify Counsel for Defs., at 4 [hereinafter "Defs.' Opp'n"].) The Buchanan firm represented the Bank in these proceedings. In the present case before this Court, Plaintiff makes claims of malicious prosecution, fraud on the court, abuse of process, intentional and/or negligent infliction of emotional distress, and conspiracy

1

related to the contempt proceedings; he claims that the contempt proceedings were used by the Bank as an effort "to perform further acts, which represent the perversion or abuse of the purported legitimate purpose of the original process." (Am. Compl., heading on p. 9.) Plaintiff additionally alleges that these "further acts . . . had the ulterior objective to obstruct the resolution of [his] appeals from the bankruptcy court and thereby impact other proceedings and claims of Plaintiff." (Id. at heading on p. 10.)

In his motion before Judge Cecchi, Plaintiff sought to disqualify the Buchanan firm, alleging: (1) that members of the firm will be necessary witnesses in this case because of alleged bribery of former Magistrate Judge Ronald Hedges and other individuals by the Buchanan firm and alleged forgery of Plaintiff's electronic signature by Louis T. DeLucia, a former attorney with the Buchanan firm, on a consent order in the Bankruptcy action; (2) that a conflict of interest exists among the Defendants prohibiting concurrent representation by the Buchanan firm; and (3) that the Buchanan firm has a conflict of interest due to its alleged personal interest in the outcome of this matter, namely alleged potential liability and disbarment of some of its attorneys. Judge Cecchi denied Plaintiff's motion. Plaintiff now appeals that decision.

## LEGAL STANDARD

A magistrate judge may consider and decide non-dispositive pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A). A magistrate judge's decision regarding the disqualification of counsel is a non-dispositive matter under this section. See § 636(b)(1)(A) (listing the dispositive excepted motions). If such a decision is appealed, the district court must affirm the decision unless it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). Under this standard, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573 (1985) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)) (alteration in original). "A ruling is 'contrary to law' if the magistrate judge has misinterpreted or misapplied applicable law." Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co., 106 F. Supp. 2d 761, 764 (D.N.J. 2000). Thus, even where the district court might have decided the matter differently, it will not reverse a magistrate judge's determination so long as this standard is met. See Marks v. Struble, 347 F. Supp. 2d 136, 149 (D.N.J. 2004); Andrews v. Goodyear Tire & Rubber Co., 191 F.R.D. 59, 68 (D.N.J. 2000). Finally, the appealing party bears the burden of demonstrating that the magistrate judge's decision was in error. Struble, 347 F. Supp. 2d at 149.

## DISCUSSION

Plaintiff argues that Judge Cecchi's Order denying his motion to disqualify the Buchanan firm should be reversed because: (1) "Judge [Cecchi] has not applied the applicable law;" (2) Judge Cecchi did not have jurisdiction to issue a decision on Judge Hedge's conduct, and to the extent she did, she relied on an incomplete set of facts; (3) Judge Cecchi's conclusions regarding the alleged forgery by Mr. DeLucia were unsupported by the facts or law; and (4) Judge Cecchi's ruling that there is no conflict of interest in the Buchanan firm's representation of the co-

defendants in this matter was in error because evidence that the co-defendants have waived any conflict, in writing, was not confirmed by the court in violation of Rule of Professional Conduct ("RPC") 1.7(b).

With regard to Plaintiff's first objection, that Judge Cecchi did not apply the applicable law, Plaintiff's sole argument is that "Pro Se pleadings are to be liberally construed and the applicable law . . . applied irrespective of whether the Pro Se litigant has mentioned it by name." (Br. in Supp. of Ramkrishna S. Tare's Appeal from Magistrate Judge Cecchi's Order on the Mot. to Disqualify Counsel, at 1 [hereinafter "Plf.'s Br."].) Judge Cecchi addressed all of Plaintiff's allegations, applying the applicable law. Plaintiff does not point to any law that Judge Cecchi failed to apply to the detriment of Plaintiff. To the extent that he argues that Judge Cecchi misapplied the law, those claims are addressed below. Therefore, the Court finds that Plaintiff's argument that Judge Cecchi failed to apply applicable law is without merit.

With regard to his second and third objections, Plaintiff, in his motion to disqualify the Buchanan firm, asserted that the firm should be disqualified because members of the firm would be necessary witnesses at trial–witnesses to the allegation of bribery of Judge Hedges and allegation of forgery by Mr. DeLucia. Judge Cecchi held that RCP 3.7 was not implicated in this case because members of the Buchanan firm are not likely to be necessary witnesses at trial.

RPC 3.7(a) provides that "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness . . . ." With respect to the allegations of bribery of Judge Hedges by the Buchanan firm, Judge Cecchi addressed the underlying claim of bribery only in so far as it was necessary to address Plaintiff's claim that members of the Buchanan firm would be necessary witnesses in violation of RPC 3.7. Plaintiff asserts that Judge Hedges spoke at a symposium co-sponsored by the Buchanan firm and was paid for his speech. (Am Compl. ¶¶ 74, 75.) He asserts that "[t]his allegation has been accepted." (Plf.'s Br., at ¶ 6.) However, as Defendants point out in their opposition, the allegation that Judge Hedges was paid by the Buchanan firm was specifically denied by Defendants in their Answer to Plaintiff's original Complaint.[1] See CM/ECF No. 7, at ¶ 27. Plaintiff has submitted to this Court no evidence of payment by the Buchanan firm to Judge Hedges in support of his bare allegation. As a result, Judge Cecchi found that "Plaintiff's allegations of bribery are wholly unsupported and without merit." She stated that "pursuant to the New Jersey Code of Judicial Conduct, Canon 4, 'a judge may engage in activities to improve the law, the legal system, and the administration of justice,'" and so found that "Judge Hedges did not act improperly by speaking at the . . . symposium." As a result of these findings, she held that members of the Buchanan firm were not likely to be witnesses since no evidence of bribery was presented. This Court agrees. With respect to the allegation of forgery by Mr. DeLucia while he was at the Buchanan firm, Judge Cecchi held that "Mr. DeLucia's testimony, should it be required, would not form a basis for disqualification of the Buchanan firm under RPC 3.7 because Mr. DeLucia is no longer a member of the firm."

---

[1] Defendants filed a motion to dismiss, which is presently pending before this Court, in response to Plaintiff's Amended Complaint.

Thus, regardless of the merits of Plaintiff's allegations of forgery, the portion of Judge Cecchi's opinion with which Plaintiff presently takes issue, the fact is that this allegation is not an adequate basis for disqualification under RPC 3.7 because Mr. DeLucia does not represent Defendants. Therefore, this holding also is not clearly erroneous or contrary to law.

Finally, with respect to Plaintiff's argument that Judge Cecchi erred in finding an appropriate waiver of conflict without confirming that any waiver was made in writing pursuant to RCP 1.7(b), Plaintiff again confuses discussion on an issue with the ultimate holding, which is what is relevant in determining if Judge Cecchi's decision was clearly erroneous or contrary to law. The issue presented by Plaintiff in his motion to disqualify was whether disqualification was required because of a conflict of interest due to joint representation of the defendants by the Buchanan firm under RPC 1.7. RPC 1.7(a) states that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest." If a concurrent conflict of interest exists, RPC 1.7(b) provides that under certain circumstances the conflict may be waived. Plaintiff is arguing that Defendants have not proven that they complied with RPC 1.7(b). However, RPC 1.7(b) does not come into play unless it is first shown that there is a concurrent conflict of interest. Defendants in their opposition to Plaintiff's motion before Judge Cecchi argued that Plaintiff's allegations of conflict are based solely on speculation and asserted that all Defendants have common goals and interests–they "each deny [Plaintiff's] allegation, maintain that none of them have committed any wrong, and assert that [Plaintiff] has failed to state a cause of action as a matter of law." (Defs.' Mem. of Law in Opp'n to Mot. to Disqualify Counsel, at 8.) After a review of the facts, Judge Cecchi found that "the Buchanan firm represents co-defendants whose interests are not adverse." She further found that "Plaintiff has not presented facts sufficient to demonstrate that 'there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client' . . . in violation of RPC 1.7(a)(2)." As cited by Judge Cecchi, State v. Davis held that when evaluating a claim under RPC 1.7(a) "a solid foundation [must] exist for any claim of disqualifying conflict of interest," 366 N.J. Super. 30, 39 (App. Div. 2004); mere speculation or bare allegations are not enough. Plaintiff does not address this finding in his appeal, focusing solely on the requirements of RPC 1.7(b) and Judge Cecchi's discussion regarding waiver. However, because this Court finds that Judge Cecchi's ruling that no conflict existed under RPC 1.7(a) was not clearly erroneous, it is unnecessary to speculate on whether any waiver was sufficient had such a conflict been found to exist.

## CONCLUSION

For the reasons set forth above, Judge Cecchi's October 10, 2008, Order denying Plaintiff's motion to disqualify Defendants' counsel is hereby affirmed. An appropriate Order accompanies this Opinion.

/s/ Jose L. Linares
JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE